FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

JAN 2 4 2002

2002 JAN 24 PM 1: 46

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA L. MYERS | CIVIL ACTION |
| VERSUS | NO. 00-0388 |
| CHARLES C. FOTI, JR. | SECTION "T" (I) |

### MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes defendant, Sheriff Charles C. Foti, Jr., who respectfully move this Honorable Court for a Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Accepting plaintiff's allegations as true for purposes of this Motion and considering all the pleadings and affidavits submitted herewith, there are no genuine issues of material fact and for the reasons more fully set forth in the accompanying Memorandum, defendant is entitled to a Partial Summary Judgment in his favor as a matter of law, dismissing plaintiff's claims against the unnamed defendants and all federal claims against Sheriff Foti with prejudice at plaintiff's cost. Once summary judgment is granted, only a state law claim



will remain against Sheriff Foti; as such, Sheriff Foti suggests that the state law claim should be remanded to State Court for further proceedings.

                                        Respectfully submitted,

                                        **USRY, WEEKS & MATTHEWS**

BY: _____
                                        LAMBERT J. HASSINGER, JR. (LSBN 21683)
                                        ANA T. FUENTES (LSBN 27219)
                                        1717 St. Charles Avenue
                                        New Orleans, Louisiana 70130
                                        Tel: (504) 592-4600 Fax: (504) 592-4641
                                        **COUNSEL FOR SHERIFF C. FOTI, JR.**
                                        Our File No. 99-354-14

H \99-354 014\mot4partialsumjudgment.wpd

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 23rd day of January, 2002, served a copy of the foregoing pleading on counsel to all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage paid.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA L. MYERS | CIVIL ACTION |
| VERSUS | NO.00-0388 |
| CHARLES C. FOTI, JR. | SECTION "T" (I) |

**MEMORANDUM IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Sheriff Charles C. Foti, Jr. has filed this Motion for Partial Summary Judgment seeking the dismissal of plaintiff's claims against the unnamed defendants and all federal claims against him.

**I. BACKGROUND**

On or about, February 7, 1999, at about 11:00 p.m., plaintiff was partaking in the Mardi Gras festivities on Bourbon Street when she was allegedly struck in the chest by a horse ridden by a mounted law enforcement officer.[1] On or about, February 7, 2000, plaintiff brought this action pursuant to 42 U.S.C. §1983 and Article 2315 of the Louisiana Civil Code against Sheriff Charles

---

[1] To date, plaintiff has not identified the individual rider or the agency to which said equestrian belonged.

C. Foti, Jr., the City of New Orleans, the New Orleans Police Department, Richard J. Pennington, Deputy John Doe[2] and Officer John Doe II[3] alleging that the unidentified law enforcement officer's actions violated her rights as protected by the Fourth and Fourteenth Amendments of the United States Constitution and the pertinent state law.

For the reasons that follow, plaintiff's claims against Deputy John Doe, and the federal claims against Sheriff Foti, should be dismissed.

## II. ARGUMENT

Summary Judgment is appropriate if the record, including the pleadings, admissions and answers to interrogatories, demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c). While the facts must be construed favorably to the party opposing the motion "[i]f the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Evans v. City of Marlin, Texas, 986 F.2d 104, 107 (5th Cir. 1993); citing Reid v. State Farm Mutual Automobile Insurance Company, 784 F.2d 577, 578 (5th Cir. 1986); Matsushita Electric Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); and Boeing Company v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969)(en banc). Thus, where a non-moving party fails to meet its burden to present evidence on an essential element of their case, all

---

[2] An unnamed individual who may or may not be a deputy with the Orleans Parish Criminal Sheriff's Office.

[3] An unnamed individual who may or may not be an officer with the New Orleans Police Department.

other factual disputes are irrelevant and summary judgment is appropriate. Celotex v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

A.   **Claims Against the Unnamed Defendants**

Although "it has long been an accepted practice to allow claims against an unknown defendant to be amended to identify the defendant when his identity is discovered", such an amendment must be made within the applicable limitations period or must relate back to the date of the filing of the original complaint; otherwise, the amendment will be time-barred. Taylor v. Winnfield, 191 F.R.D. 511, 513 (W.D. La. 2000). To fall within the applicable limitations period, a delictual action for damages must be brought within one year from the date the injury or damage is sustained. See, LSA-C.C. art 3492. This period also applies to actions brought pursuant to 42 U.S.C. §1983 because federal courts must "borrow the forum state's statute of limitations for personal injury actions." Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995), citing Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

The relation back of amendments to pleadings is governed by Rule 15(c) of the Federal Rules of Civil Procedure. The Fifth Circuit has determined that Rule 15 "does not allow an amended complaint adding new defendants to relate back if the newly added defendants were not named originally because the plaintiff did not know their identities". Jacobsen v. Osborne, 133 F.3d 315, 321 (5th Cir. 1998), citing Barrow v. Whethersfield Police Department, 66 F.3d 466, 469 (2nd Cir. 1995), modified by 74 F.3d 1366 (2nd Cir. 1996). The Jacobsen court concluded that "for a 'John Doe' defendant, there was no mistake in identifying the correct defendant; rather, the problem was not being able to identify that defendant", and Rule 15 does not allow for relation back to the filing of the original complaint for such a situation. 133 F.3d at 321-322.

In the present case, plaintiff was allegedly injured on February 7, 1999, and prescription commenced to run on that date.[4] Since plaintiff's claims pursuant to both 42 U.S.C 1983 and Article 2315 of the Louisiana Civil Code are subject to a one-year statute of limitations period, and more than two years have elapsed since the alleged incident, all claims against the unidentified defendants have prescribed. Moreover, Rule 15 will not allow plaintiff to now defeat this prescription by amending her complaint to identify Deputy John Doe or Officer John Doe II because she did not mistakenly identify them in her original pleading, but rather failed to identify them at all. Such an amendment would be futile because it could not relate back to the date of the original filing, as it was not made within the applicable limitations period. Since plaintiff's claims against the unnamed defendant have prescribed, and Rule 15 will not allow an amendment to defeat this prescription, plaintiff's suit against the unnamed defendants should be dismissed in its entirety.

**B.     Section 1983 Claims Against Sheriff Foti**

"Section 1983 creates a private right of action for redressing violations of federal law by those acting under color of state law." Oladipupo v. Austin, 104 F.Supp. 2d 654, 657 (W.D. Louisiana 2000); citing Migra v. Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). In order to state a claim under §1983, the plaintiff must allege that the "challenged conduct was attributable at least in part to a person acting under color of state law, and that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the

---

[4]"Prescription commences on the date the injured party discovers, or should have discovered, the facts that would entitle him to bring suit." Charbonnet v. Spalitta, 98-1321, 747 So.2d 1155, 1158; citing Griffiin v. Kinberger, 507 So.2d 821 (La. 1987); see also Dixon v Roque, 503 So. 2d 659 (La. App.3rd Cir. 1987). Given the nature of the alleged incident, plaintiff discovered the facts that would entitle her to bring suit on the date of the accident, and prescription commenced to run on that date.

4

Constitution or laws of the United States." Dwares v. City of New York, 985 F.2d 94, 98 (2nd Cir. 1993); citing Rendell-Baker v. Kohn, 457 U.S. 830, 102 S.Ct. 2764, 2768, 73 Led.2d 418 (1982); Paratt v Taylor, 451 U.S. 527, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), overruled in part on other grounds; Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Gomez v. Toledo, 446 US 635, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). The plaintiff can bring this suit against the individual in his personal capacity, official capacity or both.

1.  **Personal Capacity**

"Personal Capacity" suits are viable against state actors whose actions resulted in a constitutional deprivation. To prevail in a §1983 action brought in a "personal capacity", the plaintiff is "required to show that [the defendant was] personally involved in the acts or omissions that resulted in the constitutional deprivation". Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995); see also, Anderson v. Pasaden Independent School District, 184 F.3d 439, 443 (5th Cir. 1999); citing Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).

In her complaint, plaintiff has failed to allege any personal involvement of Sheriff Foti in any activity that could have led to any deprivation of her constitutional rights. There is absolutely no evidence that Sheriff Foti participated in any of the events that culminated in plaintiff's alleged injury. Since plaintiff's complaint fails to show that this particular defendant "knew about the conduct and facilitate[d] it, approve[d] it, condone[d] it or turne[d] a blind eye for fear of what [he] might see", plaintiff's claims against Sheriff Foti in his "personal capacity" pursuant to §1983 should be dismissed. Sanders v. English, 950 F.2d 1152, 1160 (5th Cir. 1992).

## 2. Official Capacity

In an "official capacity" suit, the real party in interest is the governmental entity and not the named official, therefore, the plaintiff must allege that an "entity's policy or custom played a part in the violation of federal law". Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 361, 116 L.Ed. 2d 301 (1991); citing Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 2037, 56 L.Ed. 2d 611 (1978). The plaintiff must show the existence of the allegedly offensive policy in order to succeed, and cannot rely on the doctrine of *respondeat superior* which "has no application in a §1983 action based on the wrongful acts of [defendant's] employees." Grabowski v. Jackson County Public Defenders Office, 79 F.3d 478, 479 (5th Cir. 1996). In sum, if the plaintiff cannot show the existence of a policy or custom by which an employee of the Sheriff violated her constitutional rights, then there can be no "official capacity" liability. See Grabowski v. Jackson, supra at 480.

In the present case, plaintiff has not alluded to a single policy or custom of Sheriff Foti which motivated, required or condoned the alleged conduct which resulted in the constitutional violations of which plaintiff now complains. In fact, it is the policy of the Sheriff's office to discourage the type of conduct of which plaintiff now complains, and to discipline any employee who engages in it. See Affidavit of Major William Short, attached hereto as "Exhibit A". Therefore, plaintiff's "official capacity" claims against Sheriff Foti pursuant to §1983 should be dismissed.

## III. CONCLUSION

Wherefore, premises considered, the defendant is entitled to Judgment as a matter of law based on the uncontested material facts shown herein. The defendants' Motion for Partial Summary Judgment, therefore, should be GRANTED and all of plaintiff's claims against the unnamed

6

defendants and the federal claims against Sheriff Foti should be DISMISSED, with prejudice and at plaintiff's cost.

                Respectfully submitted,

                USRY, WEEKS & MATTHEWS

BY: _____
                LAMBERT J. HASSINGER, JR. (LSBN 21683)
                ANA T. FUENTES (LSBN 27219)
                1717 St. Charles Avenue
                New Orleans, Louisiana 70130
                Tel: (504) 592-4600 Fax: (504) 592-4641
                **COUNSEL FOR SHERIFF CHARLES C. FOTI, JR.**
                Our File No. 99-354-14

H \99-354.014\MSJ memo wpd

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 23rd day of January, 2002, served a copy of the foregoing pleading on counsel to all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage paid.

_____

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA L. MYERS | CIVIL ACTION |
| VERSUS | NO.00-0388 |
| CHARLES C. FOTI, JR. | SECTION "T" (I) |

**DEFENDANT'S STATEMENT OF
UNCONTESTED MATERIAL FACTS**

**MAY IT PLEASE THE COURT:**

Pursuant to Local Rules of Court and the Federal Rules of Civil Procedure, defendant, Sheriff Charles C. Foti, Jr. for purposes of this Motion for Partial Summary Judgment only, submits that the following facts as alleged in the plaintiff's complaint are accepted as true, the defendant reserving the right to present contrary evidence and/or testimony at trial if plaintiff's claims survive the corresponding Motion.

1. On or about February 7, 1999, plaintiff was involved in the Mardi Gras festivities on Bourbon Street, when she was allegedly struck in the chest by a horse ridden by a mounted law enforcement officer.

2. To this date, plaintiff has not identified said law enforcement officer, or the agency that employs him.

3.  On or about February 7, 2000, plaintiff brought this action against Sheriff Charles C. Foti, Jr., Richard J. Pennington, the City of New Orleans, the New Orleans Police Department, Deputy John Doe and Officer John Doe II.

4.  To this date, plaintiff has not amended her complaint to identify the unnamed defendants.

5.  Sheriff Charles C. Foti was not personally involved in the incident which allegedly resulted in the deprivation of plaintiff's constitutional rights.

6.  Attached as Exhibit A is Major William Short's Affidavit.

7.  Attached as Exhibit B is the OPCSO policy on Use of Force.

Respectfully submitted,

USRY, WEEKS & MATTHEWS

BY: _____
LAMBERT J. HASSINGER, JR. (LSBN 21683)
ANA T. FUENTES (LSBN 27219)
1717 St. Charles Avenue
New Orleans, Louisiana 70130
Tel: (504) 592-4600 Fax: (504) 592-4641
**COUNSEL FOR SHERIFF CHARLES C. FOTI, JR.**
Our File No. 99-354-14

H \99-354 014\defstatementofuncontestedmatfacts wpd

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 23rd day of January, 2002, served a copy of the foregoing pleading on counsel to all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage paid.

_____

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA L. MYERS | CIVIL ACTION |
| VERSUS | NO.00-0388 |
| CHARLES C. FOTI, JR. | SECTION "T" (I) |

### AFFIDAVIT

STATE OF LOUISIANA
PARISH OF ORLEANS

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in and for the aforesaid Parish and State, personally came and appeared:

### MAJOR WILLIAM SHORT

who, after being duly sworn, did depose and say:

1. He is currently and was employed by the Orleans Parish Criminal Sheriff's Office in 1999.

2. He is the Director of Training for the Orleans Parish Criminal Sheriff's Office.

3. The attached Use of Force policy is a true and correct copy of the Orleans Parish Criminal Sheriff's Office's use of force policy in effect in 1999..

4. The Orleans Parish Criminal Sheriff's Office does not have a policy, pattern or practice of using excessive force while carrying out its duty of maintaining the peace.



5. If a deputy uses excessive force, he faces disciplinary action which may entail a reprimand, suspension or termination.

_____
MAJOR WILLIAM SHORT

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, THIS
23 DAY OF JANUARY, 2002.

_____
NOTARY PUBLIC

H:\99-354.014\short.aff.wpd

# USE OF FORCE

I.  **POLICY**: Orleans Parish Criminal Sheriff's Officer requires that line deputies are trained in approved methods of applying physical force to control inmates when necessary. The Use of Force both in the jail and outside of the correctional facilities must be approached with knowledge and a complete understanding of the degree of force that is authorized.

II. **PURPOSE**: Although it is difficult to articulate a few simple all-inclusive rules, we will try to present workable rules and guidelines. Some general guidelines are applicable to all situations in which the use of some degree of force is appropriate. Other guidelines deal specifically with the use of force as follows:

   GENERAL GUIDELINES:

   A. The decision to use force must be based on reasonableness and necessity, not on emotions. The lawful use of force in any degree must be based on a reasonable judgment that force is necessary under the circumstances. Therefore, for example, a deputy must always prevent anger from affecting his decision to use force.

   B. Force should be used only when it is reasonable to believe that it is immediately necessary. There must be an immediate and reasonable need for the force used. When force in any degree (but **particularly deadly force) is used against a suspect, the deputy's action will be judged in large part by whether the force was reasonably necessary at the moment of its use.** Force particularly deadly force, should not be used except as a last resort.

   C. A deputy must know the weapons issued for his use. The academy will provide training in the use of each weapon under the control of the deputy and he must stay proficient in the use of these weapons.

   D. A deputy must avoid the use of unnecessary menacing actions. It is generally wrong for a deputy to use his weapon as a means to intimidate or bluff a suspect. The firing of warning shots is strictly prohibited.



261

    E.    A weapon is NOT to be fired from a moving vehicle.

III. USE OF FORCE IN SELF DEFENSE:

    A.    A deputy may use only the degree of force which is reasonably and immediately necessary to protest himself.

    B.    A deputy may use deadly force in self defense when he reasonably believes that:

        1.    He is in imminent danger of losing his life or of receiving great bodily harm

        2.    He reasonably believes that the use of deadly force is immediately necessary to save himself from that danger.

IV. USE OF FORCE TO PROTECT OTHERS:

    A.    A deputy may use only the degree of force immediately necessary to protect another person or property in another person's lawful possession against a forcible offense.

        A deputy may use limited and restricted force against another to prevent a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession. The authorized degree of force is limited to that which is reasonable and apparently necessary.

    B.    A deputy may in some instances use deadly force to prevent a violent or forcible felony involving danger to life or of great bodily harm.

    C.    When a deputy uses force to protect another person, the deputy may use only such force as was reasonably apparent that the other person could have lawfully used to protect himself under the circumstances.

V. USE OF FORCE TO EFFECT AN ARREST:

    A.    A person must submit peaceably to lawful arrest, but there is no requirement that he submit peaceably to an unlawful arrest.

        In order for the deputy to be entitled to use force to effect an arrest, the arrest itself must be lawful. If a deputy uses force to effect what he knew or should have known was an unlawful arrest, his actions will probably constitute an assault and battery. Louisiana courts have

taken the position that a person has the right to resist an unlawful arrest. A deputy therefore, should do everything possible to ensure that any arrest he plans is lawful and that he proceeds in a lawful manner in making that arrest.

- B. When making a lawful arrest, a deputy may use only reasonable force to effect the arrest and detention. He may not use unreasonable force or subject the arrested person to unjustifiable violence.

- C. One making a lawful arrest may use reasonable force to overcome any resistance or threatened resistance of the person being arrested or detained.

VI. USE OF FORCE TO PREVENT FLIGHT OR ESCAPE FROM ARREST OR CONFINEMENT:

- A. A deputy may use only a limited degree of reasonable and necessary force, but not deadly force, to prevent the flight or escape of a misdemeanant or of a non-violent, non-dangerous felon.

  In order to prevent the flight of the non-dangerous criminal offender, a deputy, when reasonably necessary, may do such things as hold, wrestle or tackle the suspect. He should not take action which endangers the life of the suspect merely to prevent him from escaping arrest for a misdemeanor or non-violent, non-dangerous felony.

- B. Deadly force may be used against a dangerous or violent felon who is attempting to flee or escape when the deputy reasonably believes there is a substantial risk that the dangerous or violent felon will cause death or serious bodily harm if apprehension is delayed.

  **Two circumstances which, in combination, will clearly** support the deputy's reasonable belief that there is a **substantial risk that the fleeing or escaping felon poses a threat of serious bodily harm if apprehension is delayed** include the following:

  1. The fleeing felon has already committed a crime involving a lawless readiness to take human life or cause serious bodily harm.

  2. The fleeing or escaping felon is armed with a dangerous weapon which he has used or threatened to use to escape or to prevent capture.

263

VII. <u>USE OF FORCE TO PREVENT FLIGHT OR ESCAPE FROM PRISON FACILITIES</u>:

Deadly force may be used to prevent an escape from certain correctional facilities only under limited circumstances. Article 227.1 of the Louisiana Code of Criminal Procedure provides:

- A. A guard or other law enforcement officer is justified in the reasonable use of force, but not deadly force, to prevent the escape from a state correctional facility or parish prison of a person under sentence or awaiting trial or commitment for an offense.

- B. A guard or other law enforcement officer is justified in the use of deadly force to prevent the escape from a state correctional facility or parish prison of the person under sentence or awaiting trial or commitment for an offense when the guard or officer has probable cause to believe that the person poses a significant threat of death or serious bodily injury to the guard or officer or others if his apprehension is delayed.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA L. MYERS | CIVIL ACTION |
| VERSUS | NO. 00-0388 |
| CHARLES C. FOTI, JR. | SECTION "T" (I) |

**NOTICE OF HEARING**

TO:  Teresa L. Myers
through attorney of record
Terrence J. Lestelle
Lestelle & Lestelle
2121 Airline Drive, Suite 402
Metairie, Louisiana 70001-5979

**PLEASE TAKE NOTICE** of the attached Motion for Partial Summary Judgment will be submitted for decision on the record or will be brought for hearing before the Honorable G. Thomas Porteous, Jr., United States District Judge, as directed by the Court on the 13th day of February, 2002, at 10:00 a.m. or such other date and time as the Court may order, in the United States Courthouse, 500 Camp Street, New Orleans, Louisiana. You are invited to attend and participate as you deem appropriate.

Respectfully submitted,

USRY, WEEKS & MATTHEWS

BY: _____
LAMBERT J. HASSINGER, JR. (LSBN 21683)
ANA T. FUENTES (LSBN 27219)

1717 St. Charles Avenue
New Orleans, Louisiana 70130
Tel: (504) 592-4600 Fax: (504) 592-4641
**COUNSEL FOR SHERIFF C. FOTI, JR.**
Our File No. 99-354-14

H:\99-354 014\hearing.not.wpd

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 23rd day of January, 2002, served a copy of the foregoing pleading on counsel to all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage paid.

_____