FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB -1 PM 4:05

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERESA L. MYERS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER 00-388 |
| | * | |
| CHARLES J. FOTI, CITY OF NEW | * | |
| ORLEANS, NEW ORLEANS POLICE | * | SECTION "T" MAG. 1 |
| RICHARD J. PENNINGTON | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel come defendants, **Richard J. Pennington, the City of New Orleans, the New Orleans Police Department and Officer John Doe,** who respectfully move this Court for Summary Judgment pursuant to Rule 56 of the Federal Rules of Procedure. Accepting all of plaintiff's allegations as true for the purpose of this Motion and considering the documents produced with said Motion, there is no genuine issue of material fact as it relates to the defendants named above all for the reasons more fully set forth in the accompanying memorandum.

Respectfully submitted,

_____
PATRICK R. BOSSETTA, #18056
ASSISTANT CITY ATTORNEY

1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 565-6222
FACSIMILE: (504) 565-7691

**FRANZ L. ZIBILICH, #14914**
**CHIEF DEPUTY CITY ATTORNEY**

**MAVIS S. EARLY, #1343**
**CITY ATTORNEY**

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the above and foregoing pleading has been sent to all counsel of record, by placing same in the United States Mail, by facsimile, hand delivery or email delivery this ___ day of _____, 2002.*

_____
PATRICK R. BOSSETTA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERESA L. MYERS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER 00-388 |
| | * | |
| CHARLES J. FOTI, CITY OF NEW | * | |
| ORLEANS, NEW ORLEANS POLICE | * | SECTION "T" MAG. 1 |
| RICHARD J. PENNINGTON | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT;**

Defendants, **Richard J. Pennington, the City of New Orleans, the New Orleans Police Department and Officer John Doe,** have filed a Motion for Summary Judgment seeking dismissal of plaintiff's complaint against them on the following grounds:

### FACTS

It is alleged by plaintiff that on or about February 7, 1999, at approximately 10:30 to 11:00 p.m., plaintiff was enjoying Mardi Gras on Bourbon Street when she was allegedly struck in the chest by a horse ridden by a mounted law enforcement officer. On or about February 7, 2000, plaintiff brought this action against the above named defendants pursuant to 42 USC 1983 in Article 2315 of the Louisiana Civil Code, alleging that the New Orleans Police Department, Richard J.

Pennington, City of New Orleans and an unidentified law enforcement officer of the New Orleans Police Department violated her rights as protected by the 4th and 14th Amendment of the United States Constitution. To date, the plaintiff has not identified the person riding the horse or rider as a New Orleans Police Department Officer or a horse owned or controlled by the New Orleans Police Department. To the contrary, she has identified the horse and rider as belonging to the Criminal Sheriff's Office.

## ARGUMENT

Summary Judgment is appropriate if the record including pleadings, admissions and answers to interrogatories demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FRCP 56(c). While the facts must be construed favorably to the opposing party, the motion if the record is taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Evans vs. City of Marlin, Texas*, 986 F. 2d 104, 107 (5th Cir. 1993), *Reid vs. State Farm Mutual Automobile Insurance Company*, 784 F. 2d 577, 578 (5th Cir. 1986), *Boeing Company vs. Shipman* 411 F. 2d 365, 374-375 (5th Cir. 1969). Thus where a non moving parties fails to meet its burden to present evidence on an essential element of their case, all their factual disputes are irrelevant and summary judgment is appropriate. *Celotex vs. Catrett*, 477 US 317 (1986).

A.   **CLAIMS AGAINST THE UNNAMED NEW ORLEANS POLICE OFFICER.**

In the case at bar the plaintiff has not named any New Orleans Police Officer who allegedly caused the plaintiff any damage. Defendant, the City of New Orleans, has produced the result of the PID investigation as a result of her complaint. This, along with other discovery, gave plaintiff ample time to amend her pleadings to name the appropriate party. It is the position of the defendant,

New Orleans Police Department, City of New Orleans, Richard J. Pennington and the unnamed New Orleans Police Officer, that any attempted amendment under Rule 15(c) of the Federal Rules of Procedure would be time barred as such amendment would not relate back to the original complaint. *See **Jacobson vs. Osborne*** 133 F. 3d 315, 321 (5th Cir. 1998), in which the Court concluded "for a John Doe defendant there was no mistake in identifying the correct defendant; rather, the problem was not being able to identify that defendant; and Rule 15 does not allow for relation back to the filing of the original complaint for such a situation". *Id at 321-322.*

In the present matter, defendant produced the PID report to plaintiff's attorney on October 4, 2001.(See Exhibit 1). Further, in response to said production on October 8, 2001, plaintiff's attorney indicated that Ms. Myers indicated that the uniform worn by the law enforcement officer who apparently struck her on the night in question was the same type of uniform worn by the Sheriff's deputy. *See Exhibit 2 attached hereto.* Therefore, there has been ample time to identify the alleged New Orleans Police Officer who was involved in this matte; however, such has not been done and therefore any complaints against the City of New Orleans and the New Orleans Police Officer are now time barred.

**B.    SECTION 1983 CLAIMS AGAINST THE UNNAMED OFFICER RICHARD J. PENNINGTON AND CITY OF NEW ORLEANS**

In the case at barr, plaintiff has failed to allege any personal involvement of Richard J. Pennington and as such any cause of action against Richard J. Pennington individually should be dismissed. As it relates to his official capacity, the real party in interest is the governmental entity and not the named official. Therefore, a plaintiff must allege an entity's policy, custom or practice played a part in violation of the Federal law. *See **Manuel vs. New York City Department of Social Services**,* 436 US 658 (1978). In this matter the plaintiff has not eluded to any custom, policy or

practice of the City of New Orleans or the New Orleans Police Department that resulted in the Constitutional violations to which the plaintiff now complains.

More interestingly, the plaintiff was afforded the results of the of the PID investigation. What is clear, is that Ms. Myers identified the horse by a brand. Investigation revealed that the horse, #312 is named Dewey and is ridden by the Orleans Parish Criminal Sheriff's Office. A further conclusion of the report is that Dewey and a rider from the Sheriff's Office was assigned to Bourbon Street. In a letter of October 8, 2001 (See Exhibit 2), Ms. Myers indicated that the uniform worn by the law enforcement officer in the foreground was the same type of uniform as the picture attached to said letter. That picture clearly shows a Sheriff's deputy. Therefore, the New Orleans Police Department, the unnamed officer, the City of New Orleans and Richard J. Pennington have no connection with this matter and should be dismissed as a matter of law as there is no genuine issue of material fact as it relates to the New Orleans Police Department.

Respectfully submitted,

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the above and foregoing pleading has been sent to all counsel of record, by placing same in the United States Mail, by facsimile, hand delivery or email delivery this ___ day of _____, 2002.*

_____
PATRICK R. BOSSETTA

_____
PATRICK R. BOSSETTA, #18056
ASSISTANT CITY ATTORNEY
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 565-6222
FACSIMILE: (504) 565-7691

**FRANZ L. ZIBILICH, #14914**
**CHIEF DEPUTY CITY ATTORNEY**

**MAVIS S. EARLY, #1343**
**CITY ATTORNEY**

# LESTELLE & LESTELLE

A Professional Law Corporation
2121 Airline Drive
Suite 402
Metairie, Louisiana 70001-5979

| | | |
|---|---|---|
| **Terrence J. Lestelle*** | Telephone (504) 828-1224 | *LL.M and Proctor in Admiralty |
| **Andrea S. Lestelle** | Facsimile (504) 828-1229 | Also admitted to practice in: |
| **Philip R. Adams, Jr.** | lestelle@lestellelaw.com | Mississippi and Colorado |

October 8, 2001

Patrick Bossetta, Esq.  
Deputy City Attorney  
City of New Orleans  
Law Department  
1300 Perdido St., 5TH Floor East  
New Orleans, LA 70112

Lambert J. Hassinger, Jr., Esq.  
USRY & WEEKS  
1717 St. Charles Avenue  
New Orleans, LA 70130

Re:  Teresa L. Myers v. Charles C. Foti, Jr., et al  
C/A No. 00-0388, USDC-EDLA, Section T, Mag. 1  
Our File No.: 01-1043

Dear Counselors:

Enclosed please find color photocopy of a photograph of policemen on horseback taken by James Witcher in March, 2000 for your review. The language on the front of the enclosed copy, which was apparently by Mr. Witcher, was on the back of the original photo. My client Teresa Myers has indicated that the uniform worn by the law enforcement office in the foreground of the photo appears to be the same type of uniform worn by the law enforcement officer on the horse who knocked her down on February 7, 1999 around 11:00 p.m. This law enforcement officer riding on the horse that knocked Ms. Myers down has described as an African American male, approximately 25 to 35 years old, 5'8" to 5'11", 165 lbs. to 190 lbs. who had corporal stripes on his uniform. He may have been wearing a white helmet. This officer was riding a horse bearing number 312. The horse was a chestnut-colored horse with a white blaze and gray on its head and body. This incident occurred on Bourbon Street, approximately three to six blocks from Canal Street. Ms. Myers reported this incident to Sgt. Wayne Kreider with the New Orleans Police Integrity Department.



Patrick Bossetta, Esq.
Lambert J. Hassinger, Jr., Esq.
Page two
October 8, 2001

   I also enclose copy of medical records and bill from Dr. Paul Campasano regarding Ms. Myers.

   Further to my telephone conversation with each of you on October 2, 2001, this will also confirm that, per my request, we have **cancelled** the deposition set for of my client Teresa Myers scheduled for October 12, 2001.

   With best regards, I remain

             Sincerely,

             Terrence J. Lestelle

TJL:mfr
Enclosures
cc: Ms. Teresa Myers

Date Received: 02/08/99
Date Completed: 02/09/99
Control Number: 99-049-C (M.G.)

        Richard M. Pennington
*TO :* Superintendent of Police
        Sergeant Wayne E. Kreider
*FROM:* Public Integrity Division

*SUBJECT:* Alleged or Observed Personnel Misconduct

*Complainant's Name, Race,* Teresa Myers, W/F, 08/18/54
*Sex, SSN, and D.O.B.* :    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

*Complainant's Address, Zip Code,* 1820 24th Street South East, Ruskin, Fl. 33570
*Home and Business Phone* :    (H) 813-645-0102, (W) 813-645-0102

*Alleged Rule Violation/s (State*   Rule 3. Professional Conduct, Paragraph 1. Professionalism
*Specific Rule)*:    Rule 4. Performance of Duty, Paragraph 4. Neglect of Duty

*Location Where Incident of*
*Complaint Occurred*:    Bourbon Street
*Date and Time Incident of*
*Complaint Occurred*:    02/07/99 11:00 p.m.

*Rank, Name, Race, Sex, Age, SSN, &*   Unknown B/M, 26-33 Y.O.A.,
*Assignment of Accused Member:*    Medium Blue Uniform Shirt with Corporal Stripes
    Black Pants with Yellow Stripes

| **SOURCE** | | **DISPOSITION** |
|---|---|---|
| XXX  Citizen Complaint | XXX | Investigation Initiated |
| ____ Information Received | ____ | Referred to Unit Commander for investigation |
| ____ Violation Observed | ____ | Referred to PID for Investigation |
| | ____ | Member Suspended |

*COMMENTS: SEE NEXT PAGE*
**NOPD FORM DM-1**
**Revised 1/94**



EXHIBIT 2

**Page 2 of 2**
**Control # 1999-049-C (M.G.)**

    The complainant, Teresa Myers, called the Public Integrity Division and wished to make a complaint against an unknown B/M officer on a chestnut colored horse with the number 312 on the saddle blanket. The complainant alleges that she was walking down Bourbon Street when she came upon a large crowd of people. The complainant alleges that the crowd was catching beads from people on a balcony and the people on the balcony were asking the crowd to expose themselves. The complainant alleges that she reached down to pull her blouse up, however she did not expose herself. The complainant then alleges that suddenly an officer appeared on horseback and he wheeled his horse around and struck her. The complainant alleges that the horse's chest struck her between her neck and chest which caused her to fall. The complainant alleges that she fell and struck her head on the curb. The complainant also alleges that the horse stepped on her right foot. The complainant alleges that she was dazed by the fall and heard the officer ask, "Do you want to be arrested? Where are you from?" The complainant alleges she told the officer that she was from the Tampa, Florida area and he responded, "Do you do this in Tampa?" The complainant alleges that she asked him for his name and badge number, however he refused. The complainant also alleges that the officer did not inquire if she was injured or seek medical attention for her injuries. The complainant alleges that she suffered a lump to her head. The complainant was asked if she had sought medical treatment and she stated, "No", however she stated that she was going to go the emergency room. The complainant was asked to appear at the Public Integrity Division to have photographs taken of her injuries and to bring any medical documentation. The complainant as of this time has not come to the Public Integrity Division with the documentation or to have her photograph taken.

## Attachments

1) One Maxell Cassette containing taped interview of complainant labeled 1999-049-C.

**WITNESS(S)**
1) David Kersey, W/M, Plantation Drive #51, Little Rock, Arkansas, 72206, (501)490-0080

2) Sally, W/F

SUPERVISOR: Unknown

Sergeant Wayne E. Kreider

*Sgt. Wayne E. Kreider* (signature)

NOPD FORM DM-1
Revised 1/94

**LAW OFFICES OF**
## *James C. Witcher*
*A PROFESSIONAL LAW CORPORATION*
830 UNION STREET, 3rd FLOOR
NEW ORLEANS, LOUISIANA 70112

NOTARY PUBLIC

JAMES C. WITCHER

AREA CODE 504
TELEPHONE 525-6798

FAX 525-4596

April 21, 1999

Sgt. Wayne Kreiber
Badge #409
Public Integrity Divison
118 N. Rocheblave Street
New Orleans, Louisiana   70119

RE: D/Event: February 7, 1999 @ 11:00 a.m.
    Location: Bourbon Street, French Quarter

Dear Sgt. Kreiber:

Please be advised that the undersigned represents the legal interests of Ms. Myers who was struck by a mounted officer on February 7, 1999 during a pre-Mardi Gras celebration in the French Quarter. Ms. Myers was a visitor from Florida at the time of the incident.

The officer is described by Ms. Myers as a ". . . . on horseback wearing a medium blue shirt, and his pants had a yellow stripe on the legs. He was a black male officer, approximately 25-35 years old. He had a corporal emblem on his shirt....The horse number was #312."

Ms. Myers sustained serious injuries. I should like to be advised the name of the officer who was on the horse that caused the client's injuries on that day. His attitude was non-cooperative according to the client's statement. He made no attempt to assist her or obtain medical treatment for obvious injuries. Accordingly, I should like to make an appointment with you as soon as possible to provide evidence and documentation of the client's injuries.

Further, several people witnessed this brutal incident and are prepared to come forward and testify should litigation become necessary. Please call me as soon as you receive this letter.

Sincerely,

James C. Witcher

JCW:egs




*CITY OF NEW ORLEANS*

# DEPARTMENT OF POLICE

P.O. Box 51480
New Orleans, Louisiana 70151

**MARC H. MORIAL**
MAYOR

*"to protect and to serve"*

**RICHARD J. PENNINGTON**
SUPERINTENDENT

April 19, 1999

OUR REF: 27051AA
PID CASE #99-049C

Ms. Teresa Myers
1820 24th St. South East
Ruskin, FL 33570

Dear Ms. Myers:

Allegations of misconduct made by you against a member of the New Orleans Police Department have been investigated.

Results of the investigation determined that the description you provided of the accused officer is not a member of the New Orleans Police Department. The accused may be a member of the Orleans Parish Criminal Sheriff's Office.

You may wish to direct your complaint to the Orleans Parish Criminal Sheriff's Office, 2800 Perdido Street, New Orleans, LA, 70119, telephone #504-826-8000.

Sincerely,

RICHARD J. PENNINGTON
Superintendent of Police

BY: MAJOR FELIX M. LOICANO
COMMANDER
Public Integrity Division

RJP/FML/h

cc: PID Case File

*An Equal Opportunity Employer*

## DEPARTMENT OF POLICE

## INTEROFFICE CORRESPONDENCE

### March 1, 1999

**TO:** Richard J. Pennington
Superintendent of Police
**FROM:** Sgt. Frank Bivens, Jr.
Commander, Mounted Unit
**SUBJECT:** Investigation of Unknown Police Officer under
P.I.D. Control Number: 99-049-C ( M. G. )

---

### Introduction

Sir:

Sgt. Frank Bivens, Jr., respectfully submits the following investigation under P.I.D. Case Number 99-049-C ( M. G. ). The P.I.D. investigation was assigned on February 11, 1999 by Captain Steve Nicholas, Commander of the Tactical Division.

### Charges

It is alleged that an unknown black male Police Officer assigned to the New Orleans Police Department Mounted Unit violated Rule 3. Professional Conduct, Paragraph 1. Professionalism, in addition to Rule 4. Performance of Duty, Paragraph 4. Neglect of Duty, when his mount struck Ms. Teresa Myers knocking her to the ground.

### Adminstrative Investigation

On Monday, February 22, 1999 at 5:30 pm., Sgt. Bivens conducted a preliminary investigation into the alleged misconduct on part of an unknown black male mounted police officer. Sergeant Bivens reviewed the Mounted Unit's Mardi Gras line-up for February 7, 1999. On the day in question, unit records indicated twenty two mounts and riders were utilized by the New Orleans Police Department. Nine were assigned to the parade route under the direction of Sergeant Frank Bivens, while the remaining thirteen covered Bourbon Street under the direction of Sergeant Pat Brown. Of the twenty two mounts, none have numbers affixed to saddles or blankets.

PID-99-049-C
Page 2

Among the personnel assigned to parade duties, five were black male riders including Sergeant Bivens. These officers were specifically assigned to the parade route and the uptown side of Canal Street. None of these officers wore corporal stripes on their uniforms.

Bourbon Street personnel consisted of five black male riders. These officers were specifically assigned to Bourbon Street, the downtown side of Canal Street and the Lower Quarter Area. Again, none of these officers wore corporal stripes on their individual uniforms.

Further inquiry revealed several mounts assigned to the Mounted Unit do possess brands with numbers affixed to their hind quarters however, none bare the number 312. In addition, uniforms for our members consist of blue riding pants with yellow stripes.

On the other hand, members of the Orleans Parish Criminal Sheriff's Office Mounted Unit assisted in supplementing personnel for this year's Mardi Gras by providing riders and mounts to cover the parades, in addition to Bourbon Street. Several of these individuals were black males whose uniforms consisted of black riding pants with yellow stripes. Furthermore, during this period, it was determined that the mount "Dewey", who had the number 312 branded on his left hind quarters was assigned to the Sheriff's office and specifically ridden by its personnel only.

It should be noted that on the date and time in question, both Sheriff rider and Dewey were assigned to the Bourbon Street coverage.

### Conclusion and Findings

Therefore, based on the complainant's information as it relates to the description of the accused and the mount in question, in addition to information provided by Sergeant Bivens it is respectfully requested the complainant be directed to the Criminal Sheriff's Office.

Respectfully Submitted,

*Sgt. Frank Bivens Jr.*
Sgt. Frank Bivens, Jr.
Commander, Mounted Unit

PID-99-049-C
Page 3

Concur / ~~Do Not Concur~~

Sergeant Edwin Hosli, Jr.
Commander, Canine / Mounted

Concur / Do Not Concur

3/8/99

Captain Steve Nicholas
Commander, Tactical Division

Concur / Do Not Concur

3/19

Ronal W. Serpas
Chief Of Operations

Concur / Do Not Concur

3.25

Richard J. Pennington
Superintendent Of Police

"CANCELLED"

List Of Attachments

DM-1 under PID Case Number 99-049-C

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERESA L. MYERS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER 00-388 |
| | * | |
| CHARLES J. FOTI, CITY OF NEW | * | |
| ORLEANS, NEW ORLEANS POLICE | * | SECTION "T" MAG. 1 |
| RICHARD J. PENNINGTON | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF UNCONTESTED MATERIAL FACTS BY DEFENDANTS, RICHARD J. PENNINGTON, CITY OF NEW ORLEANS, NEW ORLEANS POLICE DEPARTMENT AND OFFICER JOHN DOE

MAY IT PLEASE THE COURT:

Pursuant to the local rules of Court and the Federal Rules of Procedure the above named defendants for the purpose of support in its Motion of Summary Judgment submit the following statement of uncontested facts.

I.

On or about February 7, 1999, plaintiff was involved in Mardi Gras festivities on Bourbon Street where she was allegedly struck in the chest by a horse ridden by a mounted law enforcement officer.

II.

Ms. Myers made a complaint to the Public Integrity Division of the New Orleans Police Department and by letter dated April 19, 1999, was informed that the individual was not a member of the New Orleans Police Department.

III.

To this date Ms. Myers has not identified the person or party riding the animal as a New Orleans Police Officer.

IV.

Further, Ms. Myers has not identified the horse as being owned or controlled by the New Orleans Police Department.

V.

The horse, #312, is named Dewey and an is owned and ridden by the Criminal Sheriff.

Respectfully submitted,

*[signature]*

PATRICK R. BOSSETTA, #18056
ASSISTANT CITY ATTORNEY
CITY HALL - ROOM 5E03
1300 PERDIDO STREET
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 565-6222
FACSIMILE: (504) 565-7691

FRANZ L. ZIBILICH, #14914
CHIEF DEPUTY CITY ATTORNEY

MAVIS S. EARLY, #1343
CITY ATTORNEY

**CERTIFICATE OF SERVICE**
*I hereby certify that a copy of the above and foregoing pleading has been sent to all counsel of record, by placing same in the United States Mail, by facsimile, by hand delivery or by e-mail delivery this ___ day of _____, 2002.*

_____
Patrick R. Bossetta

-2-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERESA L. MYERS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER 00-388 |
| | * | |
| CHARLES J. FOTI, CITY OF NEW | * | |
| ORLEANS, NEW ORLEANS POLICE | * | SECTION "T" MAG. 1 |
| RICHARD J. PENNINGTON | * | |

************************************

## NOTICE OF HEARING

Please take notice, that the undersigned will bring the above motion on for hearing before this Court at Room C552, United States Courthouse, 500 Camp Street, New Orleans, on the 13th day of February, 2002 at 10:00 a.m. of that day or as soon thereafter as counsel can be heard.

Respectfully submitted,

_____
PATRICK R. BOSSETTA, #18056
ASSISTANT CITY ATTORNEY
CITY HALL - ROOM 5E03
1300 PERDIDO STREET
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 565-6222
FACSIMILE: (504) 565-7691
**FRANZ L. ZIBILICH, #14914
CHIEF DEPUTY CITY ATTORNEY
MAVIS S. EARLY, #1343
CITY ATTORNEY**

*CERTIFICATE OF SERVICE*

*I hereby certify that a copy of the above and foregoing pleading has been sent to all counsel of record, by placing same in the United States Mail, by facsimile, by hand delivery or by e-mail delivery this ___ day of _____, 2002.*

_____
*Patrick R. Bossetta*

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**