

| | | |
|---|---|---|
| TERESA L. MYERS | * | CIVIL ACTION NO. 00-0388 |
| | * | |
| VERSUS | * | SECTION "T", MAG. 1 |
| | * | |
| CHARLES C. FOTI, JR., | * | JUDGE G. THOMAS |
| CRIMINAL SHERIFF | * | PORTEOUS, JR. |
| OF THE PARISH OF ORLEANS, | * | |
| STATE OF LOUISIANA, | * | MAGISTRATE JUDGE |
| ET AL | * | SALLY SHUSHAN |

* * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF
<u>DEFENDANT CRIMINAL SHERIFF CHARLES C. FOTI, JR.</u>**

Plaintiff Teresa L. Myers files this Memorandum in Opposition to the Motion for Partial Summary Judgment of Defendant Criminal Sheriff Charles C. Foti, Jr.

**I.  PLAINTIFF HAS A VIABLE LOUISIANA LAW TORT CLAIM AGAINST DEFENDANTS BASED UPON DIVERSITY**

Initially, it should be noted that defendant Criminal Sheriff Charles C. Foti, Jr. (Sheriff Foti) **concedes** that plaintiff has a viable Louisiana state law tort claim against Sheriff Foti as a result of her being knocked down by the horse ridden by a law enforcement officer on Sunday, February 7, 1999, on Bourbon Street in the French

Quarter.[1] In particular, plaintiff has a Louisiana law based claim for an intentional torts - assault and battery - or for negligence.

At page 2 of his motion, defendant Sheriff Foti asserts that: "Once summary judgment is granted, only a state law claim will remain against Sheriff Foti; as such, Sheriff Foti suggests that the state law claim should be remanded to state court for further proceedings." However, defendant Sheriff Foti failed to recognize that plaintiff, who, at all material times hereto, including at the time of the filing of her complaint was "a citizen and resident of the State of Florida" (see plaintiff's Complaint, ¶ 3 at p.2) and that all of the defendants are citizens of the State of Louisiana. Accordingly, **diversity of citizenship** exists between the parties under 28 U. S. C. §1332. In this regard, in her Complaint, plaintiff has alleged that "the value of her case exceeds the $75,000.00 jurisdictional limit" (¶16 at p. 4 of the Complaint) and, moreover, she has ongoing cervical and lumbar disc problems that clearly exceed this requisite jurisdictional amount.

Accordingly, even if this Court were to grant the relief requested by defendant Sheriff Foti in his Motion for Partial Summary Judgment, plaintiff would still have a viable Louisiana law tort claim, based on diversity, in this Court against

---

[1]Unquestionably, this law enforcement officer could have been employed by defendant Sheriff Foti. Indeed, the documentation from the City of New Orleans/New Orleans Police Department, which is attached to its recently filed Motion for Summary Judgment (set for hearing on February 27, 2002) as Exhibit 2 and which is attached hereto as Plaintiff's Exhibit A, identifies Sheriff Foti as the owner of this horse (number 312, named "Dewey") and that the rider was an employee or agent of Sheriff Foti.

2

defendant Sheriff Foti and the other defendants.

## II. PLAINTIFF REQUESTS THAT THE COURT CONTINUE THE HEARING OF DEFENDANT SHERIFF FOTI'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff has filed Plaintiff's Motion to Continue the Hearing of Motion for Partial Summary Judgment of Defendant Criminal Sheriff Charles C. Foti, Jr. contemporaneously with the filing of this opposition memorandum. A Rule 56(f) Affidavit of plaintiff's counsel has been attached to that motion and is also attached to this opposition memorandum, as Plaintiff's Exhibit B.

In short, this Rule 56(f) Affidavit contains facts that justify the requested continuance. This affidavit shows that additional discovery will defeat the summary judgment motion since it should identify the heretofore unidentified law enforcement officer who was riding the horse that knocked plaintiff Teresa L. Myers down injuring her.

Once this law enforcement officer is identified, plaintiff will ask the Court for leave to add him as a defendant to this action. Unquestionably, this officer is solidarily or jointly liable with his employer or principal; either defendant Sheriff Foti or the City of New Orleans/New Orleans Police Department defendants. In fact, the liability of the defendants flows or emanates from the conduct of this law enforcement officer. In other words, the liability of the defendants is **vicarious** liability under plaintiff's Louisiana-based tort claims.

### A. The Prescriptive Period To Sue The Law Enforcement Officer Has Been Interrupted Or Suspended

In <u>Harris v. Advanced Transformer Co.</u>, 2000 WL 726889 (E.D.La.

3

June 6, 2000), Judge Sarah Vance noted that whether a claim has prescribed under Louisiana law "depends on **whether the prescriptive period has been interrupted or suspended or** the...amended complaint **relates back** to the date of the original complaint." (Emphasis added.)

Defendant is correct that under Rule 15(c) of the Federal Rules of Civil Procedure plaintiff's naming of "John Doe" defendants do not "relate back" because there was no mistake in identifying the correct defendant; the problem was not being able to identify that defendant. However, defendant Sheriff Foti has not addressed whether the prescriptive period has been **interrupted or suspended** against the yet unknown law enforcement officer in question. Indeed, as Judge Vance aptly points out in the Harris case, "the interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." Id. at p. 2, citing Art. 2324(c). In other words, Louisiana law is clear that interruption of prescription by filing the claim against defendant Sheriff Foti (as well as the other defendants) interrupts prescription against a joint, or in solido, tortfeasor; in this case, the law enforcement officer who was riding the horse that struck plaintiff and knocked her to the ground.

Therefore, plaintiff would be able to name this law enforcement officer as a defendant, once he has been identified, if the Court grants her leave - in the interest of justice - to do so. While the Court's deadline to amend pleadings has passed, in the interest of justice the Court should permit plaintiff to amend the complaint. Rule 15 provides that leave of Court to amend a pleading "shall be freely given when justice so requires." Fed. R. C. P. 15(a). [emphasis added] Rule 15

4

promotes leave to amend and, "**unless** there is a substantial reason to deny leave to amend, the discretion of the district court is **not** broad enough to permit denial." Farias v. Bexan County Board of Trustees for Mental Health Retardation Services, 925 F.2d 866, 874 (5th Cir.), cert. denied, 502 U.S. 866, 112 S.Ct. 193 (1991) (quoting Carson v. Polley, 689 F.2d 562, 584 (5th Cir. 1982). [emphasis added]  See also, Wimm v. Jack Eckert Corp., 3F.3d 137, 139 (5th Cir. 1993).  There is no substantial reason to deny leave to amend.

      Once this law enforcement officer is identified, plaintiff will name him as a defendant in an amended complaint and assert a Louisiana-based tort claim for damages, as well as a Section 1983 action, against him.  Unquestionably, a timely claim was filed against his employer or principal, either defendant Criminal Sheriff Charles C. Foti, Jr. or the City of New Orleans and its New Orleans Police Department and the law enforcement officer's liability emanates from the same occurrence that renders his employer or principal liable.  Defendants will not be prejudiced by this addition of the responsible law enforcement officer.

**B.    Plaintiff Is Entitled To Explore The Policies Of Defendant Sheriff Foti Bearing On This Incident Since The Discovery Deadline Has Not Expired**

      The discovery cutoff date is April 2, 2002, and, accordingly, plaintiff is also entitled to depose representatives of defendant Sheriff Foti regarding his policies and procedures that bear on this case.[2]  In this case, there is a suggestion that the law

---

[2]Plaintiff concedes that Sheriff Foti cannot be vicariously liable under Section 1983 for conduct of his employee/agent for riding the horse that knocked plaintiff down, injuring her.

5

enforcement officer went after plaintiff because he perceived that she was lifting her shirt to expose her breasts. As counsel for plaintiff's Rule 56(f) Affidavit reflects, upon information and belief, the New Orleans law departments advised its citizens through the television and newspaper mediums that there would be a crackdown on public nudity during Mardi Gras: in particular, that police would take action to prevent women from exposing their breasts and prosecute those who did. Plaintiff submits that she is entitled to explore how aggressively they were instructed by defendant Sheriff Foti and/or the City of New Orleans/New Orleans Police Department defendants to do so. This information, which can only be explored through discovery, will have bearing on plaintiff's Section 1983 claim against those defendants.

### III.   EXCESSIVE FORCE

Plaintiff submits that even if, after discovery is completed, there is no Section 1983 claim against Sheriff Foti based on his policies, procedures or customs, once the law enforcement officer is identified, plaintiff certainly has a Section 1983 action against that police officer based on excessive force. This is evident from the Affidavit of Major William Short and the Orleans Parish Criminal Sheriff's Policy on the use of force (attached as Exhibits A and B respectively to defendant Sheriff Foti's Memorandum in Support of Motion for Partial Summary Judgment) that, according to plaintiff (based on plaintiff's Complaint), the law enforcement officer used excessive force in this instance when he forcibly ran his horse into plaintiff knocking her to the ground.

## IV. CONCLUSION

Plaintiff requests that the Court continue the hearing of defendant Sheriff Foti's Motion for Partial Summary Judgment until after discovery is completed pursuant to plaintiff's contemporaneously filed Motion to Continue and Rule 56(f) Affidavit. In the event the Court does decide to address defendant's Motion for Partial Summary Judgment at this time, the Court should dismiss the John Doe defendants, but grant plaintiff leave to amend the complaint to assert a Louisiana state based tort claim and a Section 1983 claim against the law enforcement officer who was riding the horse that struck and knocked plaintiff to the ground on February 7, 1999, once his identity is learned. This officer will have the same counsel and will not be prejudiced since this case will be based on his conduct, regardless of whether or not he is a defendant to this action.

TERRENCE J. LESTELLE - 8540
PHILIP R. ADAMS, JR. - 25549
LESTELLE & LESTELLE
2121 Airline Drive, Suite 402
Metairie, LA 70001-5979
(504) 828-1224
Attorneys for Plaintiff Teresa L. Myers

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 5th day of **FEBRUARY, 2002**, served a copy of the foregoing pleading on counsel for all parties to this proceeding by hand, fax and/or mailing the same by United States Mail, postage prepaid and properly addressed.

TERRENCE J. LESTELLE

7

| | | |
|---|---|---|
| TERESA L. MYERS | * | CIVIL ACTION NO. 00-0388 |
| | * | |
| VERSUS | * | SECTION "T", MAG. 1 |
| | * | |
| CHARLES C. FOTI, JR., | * | JUDGE G. THOMAS |
| CRIMINAL SHERIFF | * | PORTEOUS, JR. |
| OF THE PARISH OF ORLEANS, | * | |
| STATE OF LOUISIANA, | * | MAGISTRATE JUDGE |
| ET AL | * | SALLY SHUSHAN |

* * * * * * * * * * * * * *

### RESPONSE OF PLAINTIFF TO DEFENDANT SHERIFF FOTI'S STATEMENT OF UNCONTESTED MATERIAL FACTS

Plaintiff Teresa L. Myers responds to defendant Criminal Sheriff Charles C. Foti, Jr.'s Statement of Uncontested Material Facts in connection with his Motion for Patrial Summary Judgment as follows:

1. Plaintiff admits that on Sunday, February 7, 1999, while participating in the Mardi Gras festivities on Bourbon Street, she was struck in the chest by a horse ridden by a mounted law enforcement officer and knocked down.

2. Plaintiff admits on February 7, 2000, she brought this action against Sheriff Charles C. Foti, Jr., Criminal Sheriff for the Parish of Orleans, State of Louisiana, Deputy Criminal Sheriff, John Doe, an unknown deputy of the Criminal Sheriff (John Doe), the City of New Orleans, the New Orleans Police Department and Richard J. Pennington, its Superintendent and John Doe II, an officer employed by the

New Orleans Police Department.

    4.    Admitted.

    5    Admitted.

    6.    Admitted.

    7.    Admitted.

**Further**, the following undisputed material facts should be considered by the Court in connection with this matter:

    8.    The horse in question that knocked plaintiff down on February 7, 1999, was marked with number 312.

    9.    The City of New Orleans/New Orleans Police Department has determined that horse number 312 on February 7, 1999 was named "Dewey."

    10.    The City of New Orleans/New Orleans Police Department's investigation set forth in documents labeled Plaintiff's Exhibit B, which are attached to Plaintiff's Memorandum in Opposition to Sheriff's Foti's Motion for Partial Summary Judgment, identifies that the horse in question (number 312) was owned by Criminal Sheriff Foti and was ridden by an employee or agent of Sheriff Foti on February 7, 1999.

    11.    The liability of the rider of the horse in question on February 7, 1999, and his employer or principal on that date arises or emanates from the rider's conduct at that time.

    12.    Criminal Sheriff Foti's office knows, should know or can determine from its records the identity of the rider of horse number 312 on February 7, 1999,

at the time of the incident that forms the basis of this action.

*[signature]*

TERRENCE J. LESTELLE - 8540
PHILIP R. ADAMS, JR. - 25549
LESTELLE & LESTELLE
2121 Airline Drive, Suite 402
Metairie, LA 70001-5979
(504) 828-1224

Attorneys for Plaintiff Teresa L. Myers

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this **5TH** day of **FEBRUARY, 2002**, served a copy of the foregoing pleading on counsel for all parties to this proceeding by hand, fax and/or mailing the same by United States Mail, postage prepaid and properly addressed.

*[signature]*

TERRENCE J. LESTELLE

Date Received: 02/08/99
Date Completed: 02/09/99
Control Number: 99-049-C (M.G.)

Richard M. Pennington
**TO :** Superintendent of Police
Sergeant Wayne E. Kreider
**FROM:** Public Integrity Division

**SUBJECT:** Alleged or Observed Personnel Misconduct

*Complainant's Name, Race,* Teresa Myers, W/F, 08/18/54
*Sex, SSN, and D.O.B.* :  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

*Complainant's Address, Zip Code,* 1820 24th Street South East, Ruskin, Fl. 33570
*Home and Business Phone* :  (H) 813-645-0102, (W) 813-645-0102

*Alleged Rule Violation/s (State*  Rule 3. Professional Conduct, Paragraph 1. Professionalism
*Specific Rule)*:  Rule 4. Performance of Duty, Paragraph 4. Neglect of Duty

*Location Where Incident of*
*Complaint Occurred*:  Bourbon Street
*Date and Time Incident of*
*Complaint Occurred*:  02/07/99 11:00 p.m.

*Rank, Name, Race, Sex, Age, SSN, &*  Unknown B/M, 26-33 Y.O.A.,
*Assignment of Accused Member:*  Medium Blue Uniform Shirt with Corporal Stripes
Black Pants with Yellow Stripes

**SOURCE**
XXX  Citizen Complaint
___  Information Received
___  Violation Observed

**DISPOSITION**
XXX  Investigation Initiated
___  Referred to Unit Commander for investigation
___  Referred to PID for Investigation
___  Member Suspended

**COMMENTS: SEE NEXT PAGE**
**NOPD FORM DM-1**
**Revised 1/94**





Page 2 of 2
Control # 1999-049-C (M.G.)

The complainant, Teresa Myers, called the Public Integrity Division and wished to make a complaint against an unknown B/M officer on a chestnut colored horse with the number 312 on the saddle blanket. The complainant alleges that she was walking down Bourbon Street when she came upon a large crowd of people. The complainant alleges that the crowd was catching beads from people on a balcony and the people on the balcony were asking the crowd to expose themselves. The complainant alleges that she reached down to pull her blouse up, however she did not expose herself. The complainant then alleges that suddenly an officer appeared on horseback and he wheeled his horse around and struck her. The complainant alleges that the horse's chest struck her between her neck and chest which caused her to fall. The complainant alleges that she fell and struck her head on the curb. The complainant also alleges that the horse stepped on her right foot. The complainant alleges that she was dazed by the fall and heard the officer ask, "Do you want to be arrested? Where are you from?" The complainant alleges she told the officer that she was from the Tampa, Florida area and he responded, "Do you do this in Tampa?" The complainant alleges that she asked him for his name and badge number, however he refused. The complainant also alleges that the officer did not inquire if she was injured or seek medical attention for her injuries. The complainant alleges that she suffered a lump to her head. The complainant was asked if she had sought medical treatment and she stated, "No", however she stated that she was going to go the emergency room. The complainant was asked to appear at the Public Integrity Division to have photographs taken of her injuries and to bring any medical documentation. The complainant as of this time has not come to the Public Integrity Division with the documentation or to have her photograph taken.

### Attachments

1) One Maxell Cassette containing taped interview of complainant labeled 1999-049-C.

**WITNESS(S)**
1) David Kersey, W/M, Plantation Drive #51, Little Rock, Arkansas, 72206, (501)490-0080

2) Sally, W/F

SUPERVISOR: Unknown

Sergeant Wayne E. Kreider

*Sgt. Wayne E. Kreider* (signature)

NOPD FORM DM-1
Revised 1/94

LAW OFFICES OF
# James C. Witcher
A PROFESSIONAL LAW CORPORATION
830 UNION STREET, 3rd FLOOR
NEW ORLEANS, LOUISIANA 70112

NOTARY PUBLIC

JAMES C. WITCHER

AREA CODE 504
TELEPHONE 525-6798

FAX 525-4596

April 21, 1999

Sgt. Wayne Kreiber
Badge #409
Public Integrity Divison
118 N. Rocheblave Street
New Orleans, Louisiana   70119

RE: D/Event: February 7, 1999 @ 11:00 a.m.
    Location: Bourbon Street, French Quarter

Dear Sgt. Kreiber:

Please be advised that the undersigned represents the legal interests of Ms. Myers who was struck by a mounted officer on February 7, 1999 during a pre-Mardi Gras celebration in the French Quarter. Ms. Myers was a visitor from Florida at the time of the incident.

The officer is described by Ms. Myers as a ".... on horseback wearing a medium blue shirt, and his pants had a yellow stripe on the legs. He was a black male officer, approximately 25-35 years old. He had a corporal emblem on his shirt....The horse number was #312."

Ms. Myers sustained serious injuries. I should like to be advised the name of the officer who was on the horse that caused the client's injuries on that day. His attitude was non-cooperative according to the client's statement. He made no attempt to assist her or obtain medical treatment for obvious injuries. Accordingly, I should like to make an appointment with you as soon as possible to provide evidence and documentation of the client's injuries.

Further, several people witnessed this brutal incident and are prepared to come forward and testify should litigation become necessary. Please call me as soon as you receive this letter.

Sincerely,

James C. Witcher

JCW:egs




**MARC H. MORIAL**
MAYOR

*CITY OF NEW ORLEANS*

# DEPARTMENT OF POLICE

P.O. Box 51480
New Orleans, Louisiana 70151

*"to protect and to serve"*

**RICHARD J. PENNINGTON**
SUPERINTENDENT

April 19, 1999

OUR REF: 27051AA
PID CASE #99-049C

Ms. Teresa Myers
1820 24th St. South East
Ruskin, FL 33570

Dear Ms. Myers:

Allegations of misconduct made by you against a member of the New Orleans Police Department have been investigated.

Results of the investigation determined that the description you provided of the accused officer is not a member of the New Orleans Police Department. The accused may be a member of the Orleans Parish Criminal Sheriff's Office.

You may wish to direct your complaint to the Orleans Parish Criminal Sheriff's Office, 2800 Perdido Street, New Orleans, LA, 70119, telephone #504-826-8000.

Sincerely,

RICHARD J. PENNINGTON
Superintendent of Police

BY: MAJOR FELIX M. LOICANO
COMMANDER
Public Integrity Division

RJP/FML/h

cc: PID Case File

*An Equal Opportunity Employer*

DEPARTMENT OF POLICE

INTEROFFICE CORRESPONDENCE

March 1, 1999

TO: Richard J. Pennington
Superintendent of Police
FROM: Sgt. Frank Bivens, Jr.
Commander, Mounted Unit
SUBJECT: Investigation of Unknown Police Officer under
P.I.D. Control Number: 99-049-C ( M. G. )

### Introduction

Sir:

Sgt. Frank Bivens, Jr., respectfully submits the following investigation under P.I.D. Case Number 99-049-C ( M. G. ). The P.I.D. investigation was assigned on February 11, 1999 by Captain Steve Nicholas, Commander of the Tactical Division.

### Charges

It is alleged that an unknown black male Police Officer assigned to the New Orleans Police Department Mounted Unit violated Rule 3. Professional Conduct, Paragraph 1. Professionalism, in addition to Rule 4. Performance of Duty, Paragraph 4. Neglect of Duty, when his mount struck Ms. Teresa Myers knocking her to the ground.

### Administrative Investigation

On Monday, February 22, 1999 at 5:30 pm., Sgt. Bivens conducted a preliminary investigation into the alleged misconduct on part of an unknown black male mounted police officer. Sergeant Bivens reviewed the Mounted Unit's Mardi Gras line-up for February 7, 1999. On the day in question, unit records indicated twenty two mounts and riders were utilized by the New Orleans Police Department. Nine were assigned to the parade route under the direction of Sergeant Frank Bivens, while the remaining thirteen covered Bourbon Street under the direction of Sergeant Pat Brown. Of the twenty two mounts, none have numbers affixed to saddles or blankets.

PID-99-049-C
Page 2

      Among the personnel assigned to parade duties, five were black male riders including Sergeant Bivens. These officers were specifically assigned to the parade route and the uptown side of Canal Street. None of these officers wore corporal stripes on their uniforms.

      Bourbon Street personnel consisted of five black male riders. These officers were specifically assigned to Bourbon Street, the downtown side of Canal Street and the Lower Quarter Area. Again, none of these officers wore corporal stripes on their individual uniforms.

      Further inquiry revealed several mounts assigned to the Mounted Unit do possess brands with numbers affixed to their hind quarters however, none bare the number 312. In addition, uniforms for our members consist of blue riding pants with yellow stripes.

      On the other hand, members of the Orleans Parish Criminal Sheriff's Office Mounted Unit assisted in supplementing personnel for this year's Mardi Gras by providing riders and mounts to cover the parades, in addition to Bourbon Street. Several of these individuals were black males whose uniforms consisted of black riding pants with yellow stripes. Furthermore, during this period, it was determined that the mount "Dewey", who had the number 312 branded on his left hind quarters was assigned to the Sheriff's office and specifically ridden by its personnel only.

      It should be noted that on the date and time in question, both Sheriff rider and Dewey were assigned to the Bourbon Street coverage.

### Conclusion and Findings

      Therefore, based on the complainant's information as it relates to the description of the accused and the mount in question, in addition to information provided by Sergeant Bivens it is respectfully requested the complainant be directed to the Criminal Sheriff's Office.

Respectfully Submitted,

*Sgt. Frank Bivens Jr.*

Sgt. Frank Bivens, Jr.
Commander, Mounted Unit

PID-99-049-C
Page 3

(Concur)/ ~~Do Not Concur~~

*[signature]*

Sergeant Edwin Hosli, Jr.
Commander, Canine / Mounted

(Concur)/ ~~Do Not Concur~~

*[signature]* 3/8/99

Captain Steve Nicholas
Commander, Tactical Division

(Concur) / Do Not Concur

*[signature]* 3/19

Ronal W. Serpas
Chief Of Operations

(Concur) / ~~Do Not Concur~~

*[signature]* 3.25

For Richard J. Pennington
Superintendent Of Police

"CANCELLED"
*[initials]*

List Of Attachments

DM-1 under PID Case Number 99-049-C

| | | |
|---|---|---|
| **TERESA L. MYERS** | * | **CIVIL ACTION NO. 00-0388** |
| | * | |
| **VERSUS** | * | **SECTION "T", MAG. 1** |
| | * | |
| **CHARLES C. FOTI, JR.,** | * | **JUDGE G. THOMAS** |
| **CRIMINAL SHERIFF** | * | **PORTEOUS, JR.** |
| **OF THE PARISH OF ORLEANS,** | * | |
| **STATE OF LOUISIANA,** | * | **MAGISTRATE JUDGE** |
| **ET AL** | * | **SALLY SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RULE 56(f) AFFIDAVIT

STATE OF LOUISIANA

PARISH OF JEFFERSON

      **BEFORE ME**, the undersigned authority, personally came and appeared:

### TERRENCE J. LESTELLE

who after being duly sworn did depose and say that:

    1.    I am one of plaintiff Teresa L. Myers' attorneys in this action;

    2.    I file this Affidavit in accordance with Rule 56(f) of the Federal Rules of Civil Procedure;

    3.    Upon information and belief, additional discovery will or may defeat defendant Criminal Sheriff Charles C. Foti, Jr. motion for partial summary judgment.

    4.    In particular, upon information and belief, additional discovery should

Page 1 of 3



PLAINTIFF'S EXHIBIT B

reveal the identity of the law enforcement officer who was riding horse number 312, allegedly named "Dewey" on February 7, 1999, on Bourbon Street in the French Quarter that knocked plaintiff Teresa L. Myers down on that date, injuring her.

  5. In this regard, on behalf of plaintiff, I intend to notice the Rule 30(b)(5) ad (6) depositions of a representative(s) of defendant Criminal Sheriff Charles C. Foti, Jr. to ascertain the identity of this individual. Also, defendant Sheriff Foti submitted several photographs of Criminal Sheriff officers or personnel with Requests for Admissions that he propounded to plaintiff, and, presumably, this defendant has narrowed the identity of the criminal deputy or officers in question to those depicted in the photographs. Also, unquestionably there should be a log or some other document reflecting the officer who was assigned to horse number 312, allegedly named "Dewey" on February 7, 1999, that is in the possession of defendant Sheriff Foti or the City of New Orleans defendants.

  6. Discovery is ongoing and the discovery cutoff date does not expire until after April 2, 2002.

  7. On behalf of plaintiff, I will schedule these Rule 30(b)(5) and (6) depositions and issue subpoenas and subpoenas duces tecum in connection therewith before the end of February, 2002.

  8. As counsel for plaintiff, I have set forth the law which would entitle plaintiff to name the presently unidentified law enforcement officer as defendant to this action in Plaintiff's Memorandum in Opposition to Motion for Partial Summary Judgment of Defendant Criminal Sheriff Charles C. Foti, Jr.

9. In addition, plaintiff is entitled to explore through discovery the policies, customs and procedures of defendant Sherfif Foti in order to determine if he, along with the yet to be named officer, is liable under Section 1983.

10. Based upon information and belief through various local media outlets, there was an announced crackdown on public nudity and discovery will reveal how aggressively the officer in question was instructed to enforce this policy, which may subject defendant Sheriff Foti to Section 1983 liability.

_____
TERRENCE J. LESTELLE

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 5th DAY
OF FEBRUARY, 2002.

_____
NOTARY PUBLIC