FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 DEC -9 PM 4:33

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA MYERS | CIVIL ACTION |
| VERSUS | NO. 00-00388 |
| CHARLES C. FOTI, et al | SECTION "T" |

## MOTION TO RESET SUMMARY JUDGMENT AND
## MOTION TO SUPPLEMENT ORIGINAL MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel come defendants, Richard J. Pennington, the City of New Orleans and New Orleans Police Officer John Doe, who respectfully move this Court to reset the Motion for Summary Judgment in this matter and who wish to supplement its original Memorandum in Support of Motion for Summary Judgment as set forth in accompanying memorandum.

Respectfully submitted,

PATRICK R. BOSSETTA, #18056
ASSISTANT CITY ATTORNEY
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112

TELEPHONE: (504) 565-6222
FACSIMILE: (504) 565-7691

**FRANZ L. ZIBILICH, #14914
CHIEF DEPUTY CITY ATTORNEY**

**CHARLES L. RICE, JR., #24198
CITY ATTORNEY**

## CERTIFICATE OF SERVICE

*I hereby certify that a copy of the above and foregoing pleading has been sent to all counsel of record, by placing same in the United States Mail, by facsimile, hand delivery or email delivery this 9th day of December, 2002.*

_____
Patrick R. Bossetta

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA MYERS | CIVIL ACTION |
| VERSUS | NO. 00-00388 |
| CHARLES C. FOTI, et al | SECTION "T" |

## SUPPLEMENTAL MEMORANDUM
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendant filed its original Motion for Summary Judgment for this matter which said motion was continued by consent of the parties pending further depositions. All relevant depositions have been taken and defendants, City of New Orleans, et al, supplement the record as follows:

It is an undisputed fact that plaintiff has identified the horse which allegedly struck her on or about February 7, 1999 as horse #312. (See Exhibit 1, attached to defendant's original Motion for Summary Judgment). ( See Exhibit 2, excerpts from plaintiff's deposition, pp. 43, 44).

The deposition of Mr. Larry L. Smith, an eyewitness to the incident, when asked to identify the horse, responded that the rider had corporal strips on his arm and that the horse had a brand number 312. (See Exhibit 3, Deposition of Larry Smith, pp. 53, 56).

In the corporate deposition of the Criminal Sheriff's Office, Major William Short testified that horse #312 was owned by the Sheriff's, was being ridden by a Sheriff's Department employee on February 7, 1999 and was assigned to Bourbon Street. (See Exhibit 4, Deposition of Major Short, pp. 45-47, See Exhibit 5 attached hereto, Line-up List of Sheriff's Department Horses, February 7, 1999).

3

In the deposition of the New Orleans Police Department, Officer Roger Grant testified that the New Orleans Police Department does not own or ride a horse that had #312 on it. During Mardi Gras of 1999 or at any other time. Further, Officer Grant testified that the New Orleans Police Department does not have the rank of corporal and he further testified that there were no occasions in which a New Orleans Police Officer would ride an Orleans Parish Criminal Sheriff's Office horse nor were there any occasions when an Orleans Parish Criminal Sheriff Deputy would ride a New Orleans Police Department horse. (See Exhibit 6, Deposition of Roger Grant, pp. 19, 41, 49, attached hereto).

It is clear from the depositions taken that the plaintiff and her eyewitness clearly identified the horse that allegedly knocked her down as being horse #312. There is no dispute that the News Orleans Police Department does not own horse #312 nor was any New Orleans police officer or New Orleans city employee riding horse #312 on February 7, 1999. Therefore, the New Orleans Police Department, the City of New Orleans and Officer John Doe should be dismissed from this matter as there is no material issue of fact.

Respectfully submitted,

PATRICK R. BOSSETTA, #18056
ASSISTANT CITY ATTORNEY
CITY HALL - ROOM 5E03
1300 PERDIDO STREET
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 565-6222
FACSIMILE: (504) 565-7691
**FRANZ L. ZIBILICH, #14914
CHIEF DEPUTY CITY ATTORNEY
CHARLES L. RICE, JR., #24198
CITY ATTORNEY**

**CERTIFICATE OF SERVICE**
*I hereby certify that a copy of the above and foregoing pleading has been sent to all counsel of record, by placing same in the United States Mail, by facsimile, by hand delivery or by e-mail delivery this 6th day of December, 2002*

Patrick R. Bossetta

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA L. MYERS | CIVIL ACTION |
| VERSUS | NO: 00-00388 |
| CHARLES J. FOTI, et al | SECTION "T"( 1) |

### SUPPLEMENTAL STATEMENT OF UNCONTESTED MATERIAL FACTS

1. Both plaintiff and her eyewitness identified the horse that allegedly knocked her down and caused her injuries as horse #312.

2. Horse #312 is owned by the Orleans Parish Criminal Sheriff's Office, said horse being named Dewey.

3. Dewey was assigned to the Orleans Parish Criminal Sheriff's Office on February 7, 1999 and was not ridden by an employee of the New Orleans Police Department or a City of New Orleans employee.

4. Teresa Myers and her eyewitness, Mr. Larry Smith, identified the officer who was riding the horse as one with corporal stripes on his uniform. The New Orleans Police Department does not have the rank of corporal. The New Orleans Parish Criminal Sheriff's Office does.

Respectfully submitted,

*[signature]*

PATRICK R. BOSSETTA, #18056
ASSISTANT CITY ATTORNEY
CITY HALL - ROOM 5E03
1300 PERDIDO STREET
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 565-6222
FACSIMILE: (504) 565-7691

FRANZ L. ZIBILICH, #14914
CHIEF DEPUTY CITY ATTORNEY

MAVIS S. EARLY, #1343
CITY ATTORNEY

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the above and foregoing pleading has been sent to all counsel of record, by placing same in the United States Mail, by facsimile, by hand delivery or by e-mail delivery this ___ day of _____, 2002.*

_____
Patrick R. Bossetta

FILE COPY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERESA L. MYERS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER 00-388 |
| | * | |
| CHARLES J. FOTI, CITY OF NEW ORLEANS, NEW ORLEANS POLICE RICHARD J. PENNINGTON | * * * | SECTION "T" MAG. 1 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel come defendants, **Richard J. Pennington, the City of New Orleans, the New Orleans Police Department and Officer John Doe,** who respectfully move this Court for Summary Judgment pursuant to Rule 56 of the Federal Rules of Procedure. Accepting all of plaintiff's allegations as true for the purpose of this Motion and considering the documents produced with said Motion, there is no genuine issue of material fact as it relates to the defendants named above all for the reasons more fully set forth in the accompanying memorandum.

Respectfully submitted,

_____
PATRICK R. BOSSETTA, #18056
ASSISTANT CITY ATTORNEY

1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 565-6222
FACSIMILE: (504) 565-7691

**FRANZ L. ZIBILICH, #14914**
**CHIEF DEPUTY CITY ATTORNEY**

**MAVIS S. EARLY, #1343**
**CITY ATTORNEY**

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the above and foregoing pleading has been sent to all counsel of record, by placing same in the United States Mail, by facsimile, hand delivery or email delivery this ___ day of _____, 2002.*

_____
PATRICK R. BOSSETTA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA MYERS | CIVIL ACTION |
| VERSUS | NO. 00-00388 |
| CHARLES C. FOTI, et al | SECTION "T" |

### NOTICE OF HEARING

Please take notice, that the undersigned will bring the above motion on for hearing before this Court at Section "T", United States Courthouse, 500 Camp Street, New Orleans, on the 15th day of January, 2003 at 10:00 a.m. of that day or as soon thereafter as counsel can be heard.

Respectfully submitted,

S/ *Patrick R. Bossetta*

PATRICK R. BOSSETTA, #18056
ASSISTANT CITY ATTORNEY
CITY HALL - ROOM 5E03
1300 PERDIDO STREET
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 565-6222
FACSIMILE: (504) 565-7691

FRANZ L. ZIBILICH, #14914
CHIEF DEPUTY CITY ATTORNEY

CHARLES L. RICE, JR., #24198
CITY ATTORNEY

*CERTIFICATE OF SERVICE*

*I hereby certify that a copy of the above and foregoing pleading has been sent to all counsel of record, by placing same in the United States Mail, by facsimile, by hand delivery or by e-mail delivery this 6th day of December, 2002.*

_____
*Patrick R. Bossetta*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERESA L. MYERS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER 00-388 |
| | * | |
| CHARLES J. FOTI, CITY OF NEW | * | |
| ORLEANS, NEW ORLEANS POLICE | * | SECTION "T" MAG. 1 |
| RICHARD J. PENNINGTON | * | |

*************************************

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT;

Defendants, **Richard J. Pennington, the City of New Orleans, the New Orleans Police Department and Officer John Doe,** have filed a Motion for Summary Judgment seeking dismissal of plaintiff's complaint against them on the following grounds:

### FACTS

It is alleged by plaintiff that on or about February 7, 1999, at approximately 10:30 to 11:00 p.m., plaintiff was enjoying Mardi Gras on Bourbon Street when she was allegedly struck in the chest by a horse ridden by a mounted law enforcement officer. On or about February 7, 2000, plaintiff brought this action against the above named defendants pursuant to 42 USC 1983 in Article 2315 of the Louisiana Civil Code, alleging that the New Orleans Police Department, Richard J.

New Orleans Police Department, City of New Orleans, Richard J. Pennington and the unnamed New Orleans Police Officer, that any attempted amendment under Rule 15(c) of the Federal Rules of Procedure would be time barred as such amendment would not relate back to the original complaint. See **Jacobson vs. Osborne** 133 F. 3d 315, 321 (5th Cir. 1998), in which the Court concluded "for a John Doe defendant there was no mistake in identifying the correct defendant; rather, the problem was not being able to identify that defendant; and Rule 15 does not allow for relation back to the filing of the original complaint for such a situation". *Id at 321-322.*

In the present matter, defendant produced the PID report to plaintiff's attorney on October 4, 2001.(See Exhibit 1). Further, in response to said production on October 8, 2001, plaintiff's attorney indicated that Ms. Myers indicated that the uniform worn by the law enforcement officer who apparently struck her on the night in question was the same type of uniform worn by the Sheriff's deputy. *See Exhibit 2 attached hereto.* Therefore, there has been ample time to identify the alleged New Orleans Police Officer who was involved in this matte; however, such has not been done and therefore any complaints against the City of New Orleans and the New Orleans Police Officer are now time barred.

**B.    SECTION 1983 CLAIMS AGAINST THE UNNAMED OFFICER RICHARD J. PENNINGTON AND CITY OF NEW ORLEANS**

In the case at barr, plaintiff has failed to allege any personal involvement of Richard J. Pennington and as such any cause of action against Richard J. Pennington individually should be dismissed. As it relates to his official capacity, the real party in interest is the governmental entity and not the named official. Therefore, a plaintiff must allege an entity's policy, custom or practice played a part in violation of the Federal law. See **Manuel vs. New York City Department of Social Services**, 436 US 658 (1978). In this matter the plaintiff has not eluded to any custom, policy or

practice of the City of New Orleans or the New Orleans Police Department that resulted in the Constitutional violations to which the plaintiff now complains.

More interestingly, the plaintiff was afforded the results of the of the PID investigation. What is clear, is that Ms. Myers identified the horse by a brand. Investigation revealed that the horse, #312 is named Dewey and is ridden by the Orleans Parish Criminal Sheriff's Office. A further conclusion of the report is that Dewey and a rider from the Sheriff's Office was assigned to Bourbon Street. In a letter of October 8, 2001 (See Exhibit 2), Ms. Myers indicated that the uniform worn by the law enforcement officer in the foreground was the same type of uniform as the picture attached to said letter. That picture clearly shows a Sheriff's deputy. Therefore, the New Orleans Police Department, the unnamed officer, the City of New Orleans and Richard J. Pennington have no connection with this matter and should be dismissed as a matter of law as there is no genuine issue of material fact as it relates to the New Orleans Police Department.

Respectfully submitted,

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the above and foregoing pleading has been sent to all counsel of record, by placing same in the United States Mail, by facsimile, hand delivery or email delivery this ___ day of _____, 2002.*

_____
PATRICK R. BOSSETTA

_____
PATRICK R. BOSSETTA, #18056
ASSISTANT CITY ATTORNEY
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 565-6222
FACSIMILE: (504) 565-7691

**FRANZ L. ZIBILICH, #14914**
**CHIEF DEPUTY CITY ATTORNEY**

**MAVIS S. EARLY, #1343**
**CITY ATTORNEY**

-4-

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**