

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERESA L. MYERS** | **CIVIL ACTION** |
| **VERSUS** | **00-388** |
| **CHARLES J. FOTI, ET AL.** | **SECTION "T"(1)** |

Before the Court is a Motion for Summary Judgment filed on behalf of the Defendants, Richard J. Pennington, the City of New Orleans, the New Orleans Police Department and Officer John Doe. The Court, having considered the arguments of counsel, the evidence presented, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

**I. BACKGROUND:**

The Plaintiff alleges that she was injured on or about February 7, 1999, at approximately 10:30 to 11:00 p.m., while celebrating Mardi Gras on Bourbon Street. She alleges that she was struck in the chest by a horse ridden by a mounted law enforcement officer. The present suit was filed on or about February 7, 2000 against Charles C. Foti, Richard J. Pennington, the City of

1




New Orleans, the New Orleans Police Department and Officer John Doe of the New Orleans Police Department. The suit claims that her rights under the 4th and 14th Amendment of the United States Constitution were violated. The Plaintiff was unable to identify either the person riding the horse as a New Orleans Police Department Officer or the horse as owned or controlled by the New Orleans Police Department.

The Defendants' original Motion for Summary Judgment was continued by the consent of all parties so that further depositions could be taken. As a result of these depositions, the Plaintiff has identified the horse that allegedly struck her as horse #312. An eyewitness to the incident also identified the horse as #312. Horse #312 has been identified as being owned and controlled by the Criminal Sheriff's Office and was being ridden by an employee of the Criminal Sheriff's Office on February 9, 1999. The horse, on the evening in question, was assigned to Bourbon Street.

## II. ARGUMENTS OF THE RESPECTIVE PARTIES:

The Defendants argue that there is no issues of material fact because the horse has been identified as belonging to the Criminal Sheriff's Office. The Plaintiff's counsel has informed the Court that they have no opposition to the Defendants' Motion for Summary Judgment.

## III. LAW AND ANALYSIS:

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of

the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court, having considered the arguments of counsel, the evidence presented, the law and applicable jurisprudence, is fully advised of the premises and will hereby grant the Defendants' Motion for Summary Judgment. The record as a whole could not lead a rational trier of fact to find for the Plaintiff.

Accordingly,

**IT IS ORDERED** that the Defendants', Richard J. Pennington, the City of New Orleans, the New Orleans Police Department and Officer John Doe, Motion for Summary Judgment is hereby **GRANTED.**

New Orleans, Louisiana, this \_\_\_\_21\_\_\_\_ day of January, 2003.

_____

G. THOMAS PORTEOUS, JR.

**UNITED STATES DISTRICT JUDGE**

4